IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 9 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| DONG WEON HWANG and HICON CO., LTD., | § § § § | 3-09CV0454-K |
| Defendants. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Plastronics Socket Partners, Ltd., ("Plastronics"), and for cause of action against Defendants Dong Weon Hwang and HiCon Co., Ltd. (collectively, the "Defendants"), would respectfully show the Court as follows:

### INTRODUCTION

1. By this Complaint Plastronics seeks to prevent consumer confusion and protect its "H-PIN" mark and distinctive parts numbering system from infringement by a former employee and now direct competitor, as well as to protect Plastronics' valuable trade secrets and confidential and proprietary information and other contractual rights.

2. Defendants are advertising and promoting their electric contact pins and related products under marks confusingly similar to Plastronics' H-PIN mark, specifically by advertising their devices as "H-Contact", "H-Sockets", and "H-Converters" and using

a capital "H" prefix as part of their own parts numbering system. Defendants are using these infringing marks in order to convey to the industry an association with Plastronics, and to trade unfairly off Plastronics' reputation and goodwill as associated with its H-PIN mark and capital "H" prefix. In addition, Defendants are misappropriating and misusing Plastronics' valuable trade secrets and confidential and proprietary information, as well as breaching multiple contractual commitments.

## PARTIES, JURISDICTION, AND VENUE

3.  Plaintiff Plastronics Socket Partners, Ltd. is a Texas Limited Partnership with its principal place of business in Irving, Dallas County, Texas.

4.  Defendant Dong Weon Hwang is an alien individual residing in Seoul, Korea. Mr. Hwang can be served with process in person wherever he may be found while he is in the United States. Upon information and belief, he is the conscious dominant and active force behind the wrongful acts of HiCon Co., Ltd. complained of herein, which wrongful acts he has engaged in for the benefit of HiCon and for his own individual gain and benefit. He is believed to be transacting and doing business in the United States and in this judicial district and is therefore subject to the personal jurisdiction of this Court.

5.  Defendant HiCon Co., Ltd. is a Korean entity and may be served with process through its Chief Executive Officer, co-Defendant Hwang. It is believed to do business in Korea and on the internet websites www.h-contact.com and www.hi-con.kr. It is believed to be transacting and doing business in the United States and in this judicial district and to be subject to the personal jurisdiction of this Court.

6.  This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338, in that this action arises under the federal Lanham Act, and 28 U.S.C. § 1332, in that complete diversity exists among the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. The Court has supplemental jurisdiction over state law claims in this action pursuant to 28 U.S.C. § 1367(a), because the claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operation facts.

7.  Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(d), which allows Plaintiff to sue the alien Defendants in any district. Further, a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

8.  For nearly forty (40) years, Plastronics has developed and manufactured burn-in sockets and related devices of the highest quality for the semi-conductor industry. These sockets (and the "contact pins" used with them) are used to test electrical currents in the semi-conductors before the chips are sold. Plastronics has served the semi-conductor industry since 1969, and has earned a strong reputation both for innovation, and for the precise quality, dependable performance, and long durability of its products.

9.  Defendant Hwang is an electrical engineer. He served as an employee and the Chief Technical Officer of Plastronics from October 1, 2004 until April 25, 2008, working out of Plastronics' office in Irving, Texas. As Plastronics' Chief Technical Officer, Hwang was expected to make contributions of value to Plastronics, and was specifically responsible for providing new socket and contact technology and supporting

existing technology and engineers, designers, tooling and manufacturing personnel on Plastronics' staff. Hwang's position as Chief Technical Officer was an extremely high position of trust and responsibility within Plastronics.

10. In addition to the common law duties to Plastronics which Hwang undertook by virtue of his position, Hwang entered into three agreements with Plastronics. One was entitled "Patents and Assignments." Under this agreement Hwang acknowledged that his contributions would include "all processes, inventions, patents, discoveries, copyrights, and other intangible rights developed or conceived by [him] during [his] employment, that relate to the current or potential business direction of Plastronics. Such contributions shall be the sole property of Plastronics." A second agreement was entitled "Contract Agreement on 'H-Pin Project." It provided that a patent he had obtained in South Korea as an employee of Plastronics would be filed in the United States, that Plastronics would pay for the development of this project, and that it would be assigned to Plastronics as well as Hwang with certain remuneration. A third "Assignment and Agreement" for the U.S. patent was signed by Hwang in October 2005, assigning a half-interest each in the patent to Plastronics and himself, with the express agreement that it would not be licensed to anyone else without the written consent of both.

11. Plastronics promptly began investment and development of the "H-Pin" electric contact pin project, using the patented technology for the design but developing its own proprietary processes and techniques for the manufacturing and development. Some years ago, and at least by mid-August 2005, Plastronics began marketing the contact pin under the trademark H-PIN (hereinafter the "Mark" or "Plastronics' Mark").

Since then, Plastronics' use of H-PIN to identify its – Plastronics' -- high-quality electric contact pins has been extensive, consistent, and uninterrupted. As a result of Plastronics' long and extensive use of the Mark, the electronics industry has come to recognize the Mark as signifying products which come from Plastronics, and to associate that Mark with Plastronics' historic reputation and goodwill.

12. Over these years, while Plastronics was investing heavily in developing the H-Pin technology, manufacturing and selling the H-PIN contact pins, and promoting the H-PIN mark in connection with Plastronics' reputation for service and value, Hwang continued to work as Plastronics' Chief Technical Officer and was fully aware of the millions of dollars Plastronics was investing in the project and in the Mark. He had access to and was aware of many of the proprietary techniques and practices of Plastronics which contributed to its outstanding reputation for reliability, and to exact designs and features of new products of Plastronics.

13. It now appears that at the same time Mr. Hwang was serving as a highly trusted employee of Plastronics, with access to its sensitive and confidential information and obligated to inform Plastronics and assign to it any discoveries that resulted from his efforts, he was actively pursuing patent rights for his own ends and personal benefit. On or about July 7, 2007, Mr. Hwang caused to be filed a patent application numbered 11/813,518 for technology related to Plastronics' business. At no time did he inform Plastronics of this application.

14 Mr. Hwang left Plastronics' employment on or about April 25, 2008. Plastronics has since discovered the websites located at www.hi-con.kr and www.h-contact.com for HiCon Co., Ltd., a Korean business entity whose websites indicate it was

formed on or about April 30, 2008 by Mr. Hwang and is directed by Mr. Hwang now (the "HiCon" Websites). The HiCon Websites advertise devices called "H-Contact", "H-Sockets" and "H-Converters", and other marks that contain a prominent "H," and show that HiCon is also using Plastronics' distinctive parts numbering system, which prefixes its parts numbers with a capital "H" (together with the distinctive parts numbering system, collectively the "Infringing Marks"). The HiCon Websites also advertise devices which are exact copies of certain Plastronics products, were developed while Hwang was a highly trusted employee of Plastronics, and are manufactured using confidential and proprietary techniques and processes of Plastronics.

15. The Infringing Marks are being used in connection with Defendants' electric contact pins and related products, in the same industry as Plastronics' H-PIN pins. The Infringing Marks are very likely to cause mistake, confusion and deception among the trade and relevant consumers as to Defendants' affiliation with Plastronics and the H-PIN product line, or that the Defendants' products are in some way sponsored, approved by, or connected with Plastronics.

16. Defendants were aware of Plastronics' use and ownership of the Mark, and intentionally adopted the "H," and Plastronics' distinctive "H" part numbering system, in order to capitalize on the well-known nature of the Plastronics Mark. Mr. Hwang knew, as well, of his obligations to inform and assign to Plastronics all discoveries resulting from his activities while an employee of Plastronics. As he left the company, he solemnly assured Plastronics that he had not taken with him any such materials.

## COUNT I:

### False Designations And False Representations Of Origin

17. Plastronics repeats the allegations above as if fully set forth herein.

18. Defendants' use of the Infringing Marks to promote, market and sell their electric contact pins and related products in competition with Plastronics constitutes false designations of origin, false descriptions or representations of goods or services, and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

19. Defendants' use of the Infringing Marks is likely to cause confusion, mistake, and deception among manufacturers, sales representatives, and consumers in the industry.

20. Defendants' unfair competition has caused and will continue to cause damage to Plastronics, and is causing irreparable harm to Plastronics for which there is no adequate remedy at law. It is likely to continue unless and until enjoined by this Court.

21. Defendants' conduct as described above with knowledge of Plastronics' rights in and to the Plastronics Mark constitutes willful infringement under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

22. As a consequence of Defendants' willful conduct, Plastronics is entitled to preliminary and permanent injunctive relief prohibiting the unlawful acts of unfair competition described herein, as prayed for in the prayer for relief, and to a judgment award against Defendants, jointly and severally, in the amount of three (3) times

Plastronics' actual damages, plus three (3) times Defendants' profits, in addition to Plaintiffs' attorneys' fees, expert witness fees, costs, and expenses incurred in this action.

## COUNT II:

### Misappropriation of Trade Secrets and Confidential Information

23. Plastronics repeats the allegations above as if fully set forth herein.

24. On information and belief, Defendants have only been able to produce products that exactly duplicate Plastronics' products, and to do so as promptly as they have, by the wrongful and deliberate misappropriation of Plastronics' trade secrets and confidential and proprietary information, including proprietary technology, know-how and methods; research and development; and marketing and business plans.

25. As a matter of contract and as a fiduciary owing the highest duties to Plastronics, Hwang was and is obligated to hold these materials in the strictest confidence for the benefit of Plastronics, and not to use or disclose them for his own or any third party's benefit. This duty he has knowingly breached. HiCon has knowingly accepted the benefits of that breach, making it jointly and severally liable with him.

## COUNT III:

### Breach of Fiduciary Duty; Faithless Fiduciary Doctrine

26. Plastronics repeats the allegations above as if fully set forth herein.

27. As Chief Technical Officer of Plastronics, Mr. Hwang served in a fiduciary capacity of the highest trust and confidence, and owed Plastronics the highest duties of care, loyalty, and full disclosure.

28. While serving as a fiduciary of Plastronics, Mr. Hwang undertook to develop discoveries and patentable inventions within Plastronics' current and anticipated

lines of business for his own personal account and benefit, without offering or assigning them to Plastronics, and while concealing their existence from Plastronics, all in deliberate and calculated breach of his fiduciary obligations to Plastronics.

29. Under the "faithless fiduciary" doctrine, in addition to compensatory damages for the harm which his breach of fiduciary duty has caused Plastronics, Plastronics is entitled to recover from Mr. Hwang all of the substantial salary, benefits, and other direct or indirect compensation which he received from Plastronics.

### COUNT IV:

### Breach of Contract

30. Plastronics repeats the allegations above as if fully set forth herein.

31. In consideration of Plastronics investing millions of dollars in developing and promoting the H-Pin technology, Hwang agreed with Plastronics not to grant any third party a license to use the underlying U.S. patent without Plastronics' prior written permission. HiCon is a third party. HiCon has begun offering products made using the underlying patent for sale in the United States and elsewhere besides Korea. Hwang's grant of a license to HiCon, either express or implied, without Plastronics' approval or permission, constitutes a clear breach of the agreements with Plastronics.

32. Mr. Hwang has also breached his agreement to disclose and assign to Plastronics any discoveries or inventions relating to Plastronics' then-current or projected business direction, and his agreement that all such information and materials would be the sole property of Plastronics.

## COUNT V:

### Common Law Unfair Competition

33. Plastronics repeats the allegations above as if fully set forth herein.

34. The actions of Defendants described herein constitute common law unfair competition under the common law of the State of Texas.

## COUNT VI:

### Texas Dilution Statute

35. Plastronics repeats the allegations above as if fully set forth herein.

36. The actions of Defendants described herein constitute dilution of Plastronics' rights in and to the H-PIN trademark in violation of the Texas Dilution Statute, Tex. Bus. & Com. Code § 16.29.

## COUNT VII:

### Request for Accounting

37. Plastronics repeats the allegations above as if fully set forth herein.

38. On information and belief, by their unlawful acts as described above, Defendants have unjustly enriched themselves at Plastronics' expense, in an amount to be determined. Plastronics seeks a full accounting for all amounts by which Defendants have been unjustly enriched.

## COUNT VIII:

### Request for Attorneys' Fees

39. Plastronics repeats the allegations above as if fully set forth herein.

40. Defendant's breach of contract has required Plastronics to employ the undersigned law firm to represent it in this matter, and Plastronics has agreed to pay it a

reasonable fee for its services. Plastronics is entitled to recover that fee pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

41. In addition, Defendants' acts of trademark infringement and unfair competition have been willful and deliberate. This constitutes an "exceptional case" within the meaning of 15 U.S.C. § 1117(a), entitling Plastronics to recover its fees and expenses.

## COUNT IX:

### Request for Punitive Damages

42. Plastronics repeats the allegations above as if fully set forth herein.

43. Defendants' acts have been carried out with a flagrant disregard for the rights of Plastronics and with actual awareness that their acts will, in reasonable probability, result in injury to Plastronics. Accordingly, in addition to recovery of its actual damages, Plastronics is entitled to an award of punitive or exemplary damages, in an amount to be determined at trial but not less than three times the actual damages it has incurred.

## COUNT X:

### Application For Preliminary and Permanent Injunction

44 Plastronics repeats the allegations above as if fully set forth herein.

45. As a result of Defendants' conduct as described above, Plastronics has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law. Unless Defendants are restrained by this Court, Defendants will cause irreparable injury to Plastronics for which there is no adequate remedy at law. Plastronics therefore asks that Defendants be enjoined, preliminarily and for the

pendency of this litigation, from continuing in their infringing and unlawful acts as described above and prayed for below.

## COUNT XI:

### Request for Expedited Discovery

46. Plastronics repeats the allegations above as if fully set forth herein.

47. In light of the above, Plastronics requests expedited discovery from the Defendants. Plastronics requests that the Court order the Defendants to provide documents and things requested, and respond to interrogatories, within seven (7) days of an order approving this request and the accompanying discovery requests, and to appear for a videotaped oral deposition on shortened notice of ten (10) days.

### Jury Demand

Plastronics hereby request trial by jury of all issues so triable.

### Prayer For Relief

WHEREFORE, Plaintiff Plastronics Socket Partners, Ltd., demands judgment against Defendants Dong Weon Hwang and HiCon Co., Ltd. as follows:

1. That Defendants, their affiliates, subsidiaries, related companies, and all persons acting in concert or participation with any of them who receive actual notice of the order, by personal service or otherwise, be enjoined and restrained, preliminarily and for the pendency of this litigation and thereafter permanently, from any and all of the following:

a) using any trade name, trademark, trade dress, service mark, tag line, advertising, Internet web page, domain name, signage or any materials which depict, contain, or consist of any name or mark (including but not limited to part numbers)

featuring a capital "H" or otherwise confusingly similar to the "H-PIN" Mark (regardless of capitalization or punctuation, whether preceded or followed by other letters, numbers or symbols), and any derivative thereof, or any other word or words confusingly similar thereto, including but not limited to "H-Contact," "H-Sockets," or "H-Connectors;"

b) using for his, their, or another's benefit, or disclosing to any third party, any trade secret or confidential and proprietary information of Plastronics, including but not limited to sale of products identical to any product of Plastronics unless and until Defendants can prove such products have been developed independently, through no use of or reference to any product, trade secret or confidential and proprietary information of Plastronics; and

c) failing immediately to disclose in full and to assign to Plastronics all right, title and interest in and to any processes, inventions, patents, discoveries, copyrights, and other intangible rights developed or conceived by him during his employment that relate to the current or potential business direction of Plastronics;

d) licensing or otherwise permitting any entity to make, use, or sell products in the United States which were developed under the patent which is the subject of the Assignment and Agreement between Hwang and Plastronics, without Plastronics' express written approval; or

e) conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a), (b), (c), or (d) above;

f) that, consistent with paragraph (a) above, Defendants be required forthwith to remove from display, and recall, any and all marketing materials, including

from the www.hi-con.kr or www.h-contact.com websites, and any other items bearing the Infringing Marks or any word or words confusingly similar thereto;

g) that Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all labels, signs, prints, advertisements, signage, catalogs, literature, brochures, Internet web pages, and any other materials in their possession or control bearing or depicting any trade name or mark confusingly similar to the "H-PIN" Mark, as well as all molds, plates, and other means of making same as provided by 15 U.S.C. § 1118; and

h) that Defendants be required to file with this Court and to serve upon Plastronics within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants complied with the injunction;

2. That within thirty (30) days of the date of the order Defendants be required to account for, and turn over to Plastronics, all money received as a result of their infringement and other unlawful acts, including but not limited to (i) all revenue generated in connection with the infringing mark in the United States, including but not necessarily limited to all revenue generated by sales of "H-Contact," "H-Sockets," "H-Converters," and any parts sold under a numbering system featuring a capital "H;" and (ii) all salary, benefits, and other compensation Defendant Hwang received from Plastronics during the period in which he was acting as a faithless fiduciary;

3. That Plastronics have and recover from Hwang and HiCon, jointly and severally, its actual damages in an amount to be proven at trial, and that those damages be

increased as the Court finds just under the circumstances of this case pursuant to 15 U.S.C. § 1117(a); (ii);

4. That Plastronics have and recover from Hwang and HiCon, jointly and severally, exemplary and punitive damages in an amount to be proven at trial but not less than three (3) times the actual damages it has incurred;

5. That Plastronics have and recover from Hwang and HiCon, jointly and severally, its attorneys' fees and expenses in this behalf incurred;

6. That Plastronics have and recover from Hwang and HiCon, jointly and severally, its costs of this action, and prejudgment and post-judgment interest to the full extent provided by law; and

7. That Plastronics be granted such other and further relief, legal or equitable, general or special, as to which it may be justly entitled.

Respectfully submitted,

_____
**CHARLES M. HOSCH**
State Bar No. 10026925
**LAUREN T. BECKER**
State Bar No. 24046983

**STRASBURGER & PRICE, LLP**
4300 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

ATTORNEYS FOR PLAINTIFF
PLASTRONICS SOCKET PARTNERS, LTD.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.
**(a) PLAINTIFFS**
Plastronics Socket Partners, Ltd.

**DEFENDANTS**
Dong Weon Hwang and HiCon Co., Ltd.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Dallas County, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Seoul, Korea

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Charles M. Hosch
Lauren T. Becker
Strasburger & Price, LLP
901 Main Street, Suite 4300
Dallas, Texas 75202
(214)651-4300

ATTORNEYS (IF KNOWN)

RECEIVED MAR 9 2009 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

3-09CV0454-K

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Law | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patents | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | x 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lund (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environment Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ref. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 RS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All other Real Property | | ☐ 550 Civil Rights | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Trademark Infringement, 15 USC 1125; Texas state law claims of Common Law Unfair Competition, Violation of Tex. Bus. & Com. Code 16.29; Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY:
(See instructions): None

JUDGE

DOCKET NUMBER

DATE: March 9, 2009

SIGNATURE OF ATTORNEY OF RECORD: Charles M. Hosch

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)