IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD. | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. 3:09-CV-0454-K |
| DONG WEON HWANG AND HICON CO., LTD. | § § § § | |
| Defendants. | § § | |

**PLAINTIFF PLASTRONICS SOCKET PARTNERS, LTD.'S
MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY**

Plaintiff Plastronics Socket Partners, Ltd. ("Plastronics") files this its Motion for Default Judgment as to Liability against Defendants Dong Weon Hwang and Hicon Co., Ltd..

**I.
INTRODUCTION**

1.   Plaintiff is Plastronics Socket Partners, Ltd.. The Defendants against whom Plastronics seeks a default judgment are Dong Weon Hwang ("Hwang") and Hicon Co., Ltd. ("Hicon").

2.   On or about March 9, 2009, Plastronics sued Hwang and Hicon for trademark infringement, breach of fiduciary duty, misappropriation of trade secrets, common law unfair competition, violation of Texas Business and Commerce Code Section 16.29 and breach of contract.

3.   On March 10, 2009, Hwang and Hicon were served with summonses and copies of Plastronics' Original Complaint and Application for Injunctive Relief in person

by serving Hwang individually and as the Chief Executive Officer of Hicon.  The returns of service for Hwang and Hicon are on file.

4. Hwang and Hicon were required by Federal Rule of Civil Procedure 12 to file an answer or other responsive pleading by March 30, 2009.  To date, Hwang and Hicon have not filed a responsive pleading or otherwise defended the suit.  *See* Declaration of Charles M. Hosch, attached hereto as Exhibit A.

5. Therefore, Plastronics is entitled to a default judgment.

6. On the evening of November 19, 2009, nearly two weeks after being notified of the Court's order in this action dated November 6, 2009, the Defendants corresponded with Plastronics and its counsel by email with arguments in the nature of settlement discussions.  Plastronics and its counsel have not been made aware of any counsel representing Defendants, or other appearance or clear intent to defend the suit.

## II.
## ARGUMENT AND AUTHORITIES

7. The Court may enter a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit.  FED. R. CIV. P. 55(a); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

8. The Court should enter a default against Hwang and Hicon because Hwang and Hicon did not file an answer within twenty (20) days after March 10, 2009, the date of service.  FED. R. CIV. P. 12(a)(1)(A).

9. Plaintiff meets the procedural requirements for obtaining a default judgment from the Court as demonstrated by the Declaration of Charles M. Hosch, attached hereto as Exhibit A.

10.     On information and belief, Hwang is not an infant, incompetent person, or member of the United States military.  50 U.S.C. app. § 520(1); FED. R. CIV. P. 55(b)(1), (e); *see* Declaration of Charles M. Hosch attached hereto as Exhibit A.  Defendant Hicon is believed to be a Korean entity.  *See* Exhibit A.

11.     By this Motion, Plaintiff seeks entry of default judgment as to liability, and entry of a permanent injunction as prayed for in the Complaint.  Plaintiff is also entitled to an award of damages, which together with attorneys' fees, costs and interest will be requested by separate Motion.

## III.
## CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court enter a default judgment of liability in favor of Plaintiff and entry of permanent injunction as follows:

1.     That Defendants, their affiliates, subsidiaries, related companies, and all persons acting in concert or participation with any of them who receive actual notice of the order, by personal service or otherwise, be permanently enjoined and restrained from any and all of the following:

a)     using any trade name, trademark, trade dress, service mark, tag line, advertising, Internet web page, domain name, signage or any materials which depict, contain, or consist of any name or mark (including but not limited to part numbers) featuring a capital "H" or otherwise confusingly similar to the "H-PIN" Mark (regardless of capitalization or punctuation, whether preceded or followed by other letters, numbers or symbols), and any derivative thereof, or any other word or words confusingly similar thereto, including but not limited to "H-Contact," "H-Sockets," or "H-Connectors;"

  b) using for his, their, or another's benefit, or disclosing to any third party, any trade secret or confidential and proprietary information of Plastronics, including but not limited to sale of products identical to any product of Plastronics unless and until Defendants can prove such products have been developed independently, through no use of or reference to any product, trade secret or confidential and proprietary information of Plastronics;

  c) failing immediately to disclose in full and to assign to Plastronics all right, title and interest in and to any processes, inventions, patents, discoveries, copyrights, and other intangible rights developed or conceived by him during his employment that relate to the current or potential business direction of Plastronics;

  d) licensing or otherwise permitting any entity to make, use, or sell products in the United States which were developed under the patent which is the subject of the Assignment and Agreement between Hwang and Plastronics, without Plastronics' express written approval; or

  e) conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a), (b), (c), or (d) above;

  f) that consistent with paragraph (a) above, Defendants be required forthwith to remove from display, and recall, any and all marketing materials, including from the [www.hi-con.kr](www.hi-con.kr) or [www.h-contact.com](www.h-contact.com) websites, and any other items bearing the Infringing Marks or any word or words confusingly similar thereto;

  g) that Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all labels, signs, prints, advertisements, signage,

catalogs, literature, brochures, Internet web pages, and any other materials in their possession or control bearing or depicting any trade name or mark confusingly similar to the "H-PIN" Mark, as well as all molds, plates, and other means of making same as provided by 15 U.S.C. § 1118; and

  h) that Defendants be required to file with this Court and to serve upon Plastronics within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants complied with the injunction;

  2. That within thirty (30) days of the date of the order Defendants be required to account for, and turn over to Plastronics, all money received as a result of their infringement and other unlawful acts, including but not limited to (i) all revenue generated in connection with the infringing mark in the United States, including but not necessarily limited to all revenue generated by sales of "H-Contact," "H-Sockets," "H-Converters," and any parts sold under a numbering system featuring a capital "H;" and (ii) all salary, benefits, and other compensation Defendant Hwang received from Plastronics during the period in which he was acting as a faithless fiduciary;

  3. That Plastronics be permitted to make further submission to request an award of its actual damages, exemplary damages, attorneys' fees and expenses, costs and prejudgment and postjudgment interest;

  4. That the relief entered in the present Order be severed from remaining claims for relief, and made final; and that

  5. Plastronics be allowed such writs and processes as may be necessary in the enforcement and collection of the judgment.

Dated: November 20, 2009.

Respectfully submitted,

*/s/ Charles M. Hosch*
CHARLES M. HOSCH
State Bar No. 10026925
LAUREN T. BECKER
State Bar No. 24046983
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, TX  75202-3794
Telephone:  (214) 651-4300
Telecopier:  (214) 651-4330

ATTORNEYS FOR PLAINTIFF
PLASTRONICS SOCKET PARTNERS, LTD.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded via email on this 20th day of November, 2009 to Dong Weon Hwang (Individually and as representative of Hicon Co., Ltd.).

*/s/ Charles M. Hosch*
Charles M. Hosch