K

# 0148PM



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 3 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

Re: Case Number 3-09CV0454-K

Dear ED KINKEADE, United States District Judge

Honorable Judge, I am afraid that I am writing you this letter regarding above Case as a Defendant beyond Court Proceeding. Because of the entry of default in this case, I could not have any chance to inform you exact facts in this case.

Although this case had been entered to default, I would like to provide some materials in order to help you understanding exact facts in this case. Due to the entry of default, I don't make any argument but provide just factual materials.

Please refer to attached document which plaintiff didn't disclose in the motion for default judgment.

1) The Letter dated Nov.7, 2009 by Plaintiff, Plastics Socket Partners, Ltd.
2) The Letter dated Nov.17, 2009 by Defendant, Dong Weon Hwang
3) Memorandum dated Mar.10, 2009 by Mr. David Pfaff, the Representative of Plaintiff, Plastics Socket Partners, Ltd.

Thanks.

2009.11.30

**Dong Weon Hwang(Nick name : DAN)**

    HiCon(Hwang's Sole proprietorship)
    **#1002 Mega Center, SKn Technopark**
    **190-1 Sangdaewon-dong, Jungwon-gu,**
    **Seongnam City, Kyeonggi-do**
    **South Korea 462-721**
    Email : dwhwang@hi-con.kr
    www.hi-con.kr



Attn:

Dong Weon Hwang
#78-1203, Hyundai Apt., 456
Apgujeong-dong, Gangnam-gu,
Seoul, South Korea 135-110

Hi-Con
#1002 Mega Center, SKn Technopark
190-1 Sangdaewon-dong, Jungwon-gu,
Seongnam City, Kyeonggi-do
South Korea 462-721

This letter is for purposes of settlement discussion only.

The court has ordered us to take a default judgment in the court case within two weeks from today. A copy of the order is enclosed. It is in the best interest of both parties to come to an agreement before that date, though we are not worried about the merits of Plastronics' case.

There are several issues that need to be resolved before that date:

1. Use of H-Contact trademark

2. BGA Related

> 2a. Filing of the Korean Patent in 2005
> 2b. Filing of a USA patent in 2007
> 2c. Plastronics expenses related to building and R&D for this project

3. H-Pin related

> 3a. Hi-Con lack of license per agreements
> 3b. Hwang/Hi-Con not wanting to pay a royalty in Korea
> 3c. Patent filing in Korea in October of 2004 while Hwang was drawing a Plastronics salary
> 3d. Licensing or transferring assignment of the patent
> 3e. Hwang/Hi-con use of proprietary design of contact tines at the t-bar and above, that was researched and developed by Plastronics

1. H-Contact Trademark:

Hwang attended the BiTS trade show in March of 2009, and promoted a contact under the brand "H-Contact" with part numbering similar to Plastronics' H-pin. Days before the BiTS Show, on March 3rd, 2009, Hwang begins to trademark the name H-Contact. To this day, an attorney named Adam K. Sacharoff, under the directions of Hwang, has not dropped the filing to the H-Contact trademark.

> Action:
> Written agreement by Hwang/Hi-Con not to use the H-Contact name or similar part numbering system by Plastronics any where in the world.
> Payment of reasonable attorney fees for actions brought against Hwang of ~$25,000 US (if the court case proceeds, the charges will be substantially greater).

2. BGA Single Beam Patent – US 7601018

PCT filed Jan 09, 2006
US Patent Filed July 7th, 2007
US Patent 7601018 approved October 2009

Hwang took these actions while working as a full-time Plastronics employee, drawing a Plastronics salary and owing Plastronics the highest duties of loyalty, without notifying Plastronics or obtaining its consent. Additionally there is a signed agreement in place that all patents, discoveries, and inventions by employees of Plastronics while drawing a salary have to be assigned to Plastronics. Furthermore, Plastronics spent hundreds of thousands of dollars in expenses and hundreds of man hours developing this product with Hwang while Hwang was an employee.

Action:

100% royalty on any product sold worldwide paid to Plastronics.
US 7601018 and all other patents worldwide related to the single beam BGA technology to be assigned to Plastronics.
Return to Plastronics Hwang's salary and benefits which he accepted from Plastronics while he was working for himself and against Plastronics' interests, in the amount of $412k US.

3. H-Pin related

Plastronics has spent millions of dollars and thousands of man hours on the H-Pin technology, both in R&D, equipment and commercialization expenses. Hwang gained innumerable knowledge during the time at Plastronics, in regards to research, development, testing, workable designs, automation, optimized production processes. Once the pin was ready for commercialization, Hwang created his own company in Korea.

Per our agreements, no license for this technology can be granted worldwide (including Korea) from either party without notice and consent of the other party. Without any knowledge or forewarning to Plastronics. Hwang created a company called Hi-Con, and exhibited at the Burn-in and Test Socket Workshop (BiTS) in Mesa, AZ, around early March 2009. Plastronics had no idea what Hi-Con was, except it must have been licensed by Hwang to sell technology related to co-assigned patents surrounding the h-pin product line. This created massive consumer confusion and irreparable harm to Plastronics.

Additionally, during discussion with Everett Charles Technology (ECT), ECT brought up concerns that Plastronics had infringed one of ECT's patents. After consulting with Plastronics' patent attorney, and many billable hours of examining every claim of ECTs patent, David Pfaff and Mark Handley came up with an alternative embodiment that put the tine at or above the spring retention bar with the pin in free or compressed state. This alternative embodiment was further developed by Plastronics employee Hwang under David Pfaff's direction in 2007. This created an alternative version of the h-pin that would be free and clear of any claims by ECT, whether its claims were originally valid or not. However, on HI-Con.kr website, all embodiments of the pin that they are promoting have these features. These features are the proprietary information of Plastronics and not subject to any use by Hwang per the signed agreement or any other.

Hwang has stated he will not pay any royalties from sales of Hi-Con Korea on products sold into Korea, since Hwang has the sole patent rights. Per the agreement, if Plastronics was to grant Hi-Con a licensee to use the H-Pin technology, Hi-Con must pay a royalty to Plastronics.

Action:

In order for Plastronics to license Hi-Con, allow it to use the proprietary design that was developed by Plastronics and at Plastronics, a new agreement must be drawn up to allow the following:

Option 1

    Hwang (or Hi-Con) pays 3% gross royalty to Plastronics (net of taxes, shipping and returns, and with audit rights)
    Plastronics pays a 3% royalty to Hwang after recovery of all NRE charges
    The patents that Plastronics Socket Partners has ½ assignment, can be transferred upon a sale of the company.
    Plastronics will not sell directly into Korea, but any use of Plastronics sockets or pins in Korea will be free and clear, since Hwang filed the patent in October of 2004 while working in the course and scope of his employment as a salaried employee of Plastronics.
    Plastronics will continue to pay for the patents in the attached document.

Option 2

    No royalties from either party.
    Plastronics allows only Hi-Con to be a licensed producer.
    Plastronics and Hwang can sell their portion of assigned patents to anyone upon a sale of their companies.
    Plastronics products that go to Korea will be free and clear, for reasons set forth in Option 1 above.
    Plastronics will continue to pay for the patents in the attached document.

Conclusion:

Hwang's actions have caused Plastronics to suffer severe financial loss, as well as other injuries to goodwill and reputation.

In order to resolve this, either we need to reach an agreement, or the court case needs to proceed. Whichever Plastronics and Hwang decide, it needs to be decided within the next two weeks.

Plastronics' requirements are described above in 1, 2, and 3. With respect to 1, it will require written agreement by Hwang/Hi-Con not to use the H-Contact name or similar part numbering system by Plastronics any where in the world, and reimbursement of Plastronics' attorney fees to date. With respect to 2, it will require 100% royalty on any product sold worldwide paid to Plastronics, all patents worldwide related to the single beam BGA technology to be assigned to Plastronics Socket Partners, and return of Hwang's salary and benefits which he accepted from Plastronics while evidently working for himself. With respect to 3, Plastronics would accept either of the two options described above.

Because time is short, we need to hear back from you quickly, in order to have time for our attorneys to draw up an agreement. Otherwise, we will proceed in Federal Court in Dallas and get a ruling in Plastronics' favor.

Best regards,

David Pfaff
Plastronics Socket Company
2601 Texas Drive
Irving, Texas  75062  USA
Phone: 972-258-2580
Fax: 972-258-6771
URL: www.plastronicsusa.com
e-mail: david@locknest.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PLASTRONICS SOCKET PARTNERS, LTD | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 3:09-CV-0454-K |
| DONG WEON HWANG and HICON CO. LTD, | § § § § | |
| Defendants. | | |

### O R D E R

The Court's records reflect that this case was filed March 9, 2009, and that Defendants

DONG WEON HWANG and HICON CO., LTD, were served on March 10, 2009.

The Court will dismiss the action against these Defendants without prejudice after

**November 20, 2009,** unless Plaintiffs' counsel moves for default judgment or provides to the

Court valid reasons why this case should be kept on the docket. See Local Rule 55.1.

SO ORDERED.

DATED: November 3rd, 2009.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE

# 2)

Attn:

David Pfaff

Plastronics Socket Company

2601 Texas Drive

Irving, Texas  75062  USA

Phone: 972-258-2580

Fax: 972-258-6771

e-mail: david@locknest.com

At first I correct clearly the statement written in your letter because that is quite different with the facts.   I understand that the things you claimed with perverted facts are intended to give pressure to me unreasonably by the lawsuit.

1. Regarding Court Proceeding ;
   A. If you move for default judgment or submit some documents which are to explain the reason for delay of this case, you should provide this letter which is communicated with me not to cause any misunderstanding or misleading of facts for the Court.
   B. In connection with Court proceeding, I believed you had withdrawn this case in accordance with the memorandum dated Mar. 11, 2009 with your signature, in which you promised that if I don't use the trademark "H-Contact", you will withdraw this case. But you breached this covenant so that the Court gave such the order dated November 3rd, 2009. If this case is to be under the default judgment, you will be entirely responsible for the result.

2. Regarding the Trademark Dispute ;
   A. I think this case is certain to be dismissed. Because you filed an application for trademark 'H-PIN' to USPTO on May 15th, 2007, but your trademark was not yet accepted for registration till March 9th, 2009 when the complaint of this case was submitted to the Court. So you didn't have the trademark right in this case. You have the duty of candor for the Court not to misunderstand this material fact.
   B. Although this trademark was registered on July 7th, 2009, your trademark right is limited to 'H-PIN' as a whole which is just a combination of 'H' and 'PIN' because 'PIN' is descriptive term which is generally used for Socket

Products and 'H' is a part with no distinctiveness and also "H" came from my Name Initial.

C. Even though you still have not held the trademark right for 'H-PIN' on March 9th, 2009 when the lawsuit for this case was brought, you made a wrongful assertion that 'H-Contact', which I used, have infringed your trademark right. On the other hand I am sure there is no likelihood of confusion because 'H-Contact' is different from 'H-PIN' at the aspect of Sound, Meaning and Appearance.

However I didn't want to go to court with you so I promised that I would not use 'H-Contract' anymore and you made a covenant to withdraw the case and there were no any other conditions.

D. In compliance with the promise, I had removed 'H-Contract' from the homepage of HiCon as elsewhere as you know. Also I had my attorney of trademark application withdrawn the application, which is duly filed and under examination of USPTO as well as is not related the promise not to use.

3. Regarding the Patent Issues ;
BGA Related

A. The Patent is nothing to this case, so your claim for the patent right as the condition of withdrawal is belong to misuse of your right and an illegal act unduly oppressed to get benefit.

B. I think which you asserted about the patent is different from the fact and assertion unreasonable as well as broke my faith. I hope that you should withdraw these assertions and discuss with me keeping good faith if you want to discuss truly with me about the patent. I am ready to open the discussion about the patent as long as there is good faith.

C. I invented the BGA Patent before October of 2004 that was initially and originally filed application for patent on January 15, 2005 in Korea. We discussed about my new technologies by email for co-application before October of 2004 and I didn't have job at Plastronics related for the BGA before the initial application and I also gave you English translated patents of the BGA and an LGA and made a proposal for joint application and ownership on this patent several times up to Dead Line for PCT Application, but you rejected and didn't want the BGA and LGA patents.

As hiding this fact, you are now falsely asserting that I invented this patent

during the employment with your company. There is no room for doubt that you can't assert any right for the patent because you have already rejected my proposal for partial assignment, so I filed the application for the patent to PCT and USPTO with priority first filed in Korea and spent all my effort and expenses for registration. If you use this Patent on your products except I developed, I apparently assert that you infringe my Patent.

H-Pin Related

D. I have invented the related patent with H-Pin before October of 2004 as on the Agreement **"the patent being invented before employment began with PSP"** and also I partially assigned a portion of the ownership to you on the condition of royalty payment. But you have never paid any royalty till now as asserting that your company has not yet reached NRE and you never provide Back Data for the Royalty Report which on the Agreement as **"with calculated results with back data."** If your company has not reached NRE, please provide me with supporting evidence for next Royalty Report until Feb. 15, 2010. I confirm that I have the authority of audit it if any question for this evidence or report. In case there is the breach of contract in these documents, you should pay the royalty due, auditing cost and delayed overdue interest.

E. Connected with ECT patent, the feature of pin which is designed around has already been applied to products on sale and under public domain because the feature was not filed for patent application before publication. Accordingly there is no legal basis of your claim for monopoly or proprietary information. Furthermore the feature also is within the scope of my invention patented and that very simply came from my patent.

F. As on the Agreement it should be reminded **"PSP will pay for the development of this invention and worldwide patent rights where needed and be assigned the patent in all worldwide areas jointly with Hwang except Korea."**

G. And also I Dong Weon Hwang want to make sure I worked for Plastronics with my best during work for Plastronics and I am sure David Pfaff and all members of Plastronics got happy times with me during that time and I did several big projects with good results and I improved Plastronics's Annual Revenue with my projects and David Pfaff said to me many times "GOOD

JOB" and I think Currently Plastronics got good future with H-Pin Project which I partially assigned my patent to Plastronics.

4. Regarding Burden of Proof
   A. The agreement is only apparent evidence converging to support all the rights or ownership. And the e-mails which were exchanged between us in the meantime should be the basis for construction on the agreement.
   B. If you have any claim contrary to the agreement, you should have the burden of proof.

5. Regarding Negotiation hereafter ;
   I am always ready to discuss patent matters with you under the reasonable terms and conditions hereafter, if you withdraw your groundless assertions and respect my patent rights.
   And again I want to help you with much upgraded technologies and help each other for better business together for the world.

   Best regards,

# Attachment : The Agreement: *Contract Agreement on "H-Pin Project" Royalty between Mr. DW Hwang (Hwang) and Plastronics Socket Partners, LP (PSP)*

2009-11-19
Dong Weon Hwang
HiCon(Hwang's Sole proprietorship)
#1002 Mega Center, SKn Technopark
190-1 Sangdaewon-dong, Jungwon-gu,
Seongnam City, Kyeonggi-do
South Korea 462-721
Email : dwhwang@hi-con.kr

*sent by fax to 0021 972-258-6771*
*on 2009, 11, 20, 09:10 AM*

4 / 4

***Contract Agreement on "H-Pin Project" Royalty between Mr. DW Hwang (Hwang)
and Plastronics Socket Partners, LP (PSP)***

This contract made and entered into in this 21th day of September 2005, by and between
PLASTRONICS Socket Partners, LLC, as duly organized and existing under the laws of
the United States of America, its principal place of business at 2601 Texas Drive Irving,
Texas 75062 USA(hereinafter referred to as  "PSP") and Mr. Dong Weon
Hwang(hereinafter referred to as "Hwang").

1.  **Background:**  Mr. Dong W. Hwang, a resident of South Korea, current employee
    of Plastronics Socket Partners, and a H1-B holder in the USA, patented an
    invention in South Korea on October 6th, 2004, hereby known as the "H-pin
    project".  PSP will pay for the development of this invention and worldwide
    patent rights where needed and be assigned the patent in all worldwide areas
    jointly with Hwang except Korea.

2.  **Korean Patent Information:**
    a.  Title of patent : Contact for electronic device.
    b.  Patentee : Hwang Dong Weon
    c.  Inventor : Hwang Dong Weon
    d.  Appl. NO.: 10-2004-0079649(KOREA)
    e.  Filed : 2004.10.06(Application Priority in KOREA)

3.  **Remuneration to Hwang:**  PSP current handbook policy is to pay 3% of gross
    sales on inventions that are patentable by persons employed at PSP after all non-
    reoccurring capital costs, which include stamping tools,  tooling equipment,
    assembly equipment, test equipment, and patent costs.  PSP current handbook
    stops the royalty payments if employment is terminated by either party.  In light
    of the patent being invented before employment began with PSP, Hwang will be
    entitled to the 3% of gross sales policy for the life of the patent.  If socket is sold
    with H-pin contact included, this rate is also 3% of socket price.  Remuneration
    will be made twice annually within 45 days of the close of the books on June 30th
    and December 31st with calculated results with back data.

4.  **Remuneration to PSP:**  As a assignee of the patent or patents pertaining to the
    H-pin project, Hwang has certain rights to use this patent or license the patent
    with consent of the other assignee, PSP.  In the event the patent royalties are paid
    by a third party, PSP and Hwang will split royalty 50%/50% respectively. In the
    event when Hwang works directly for another entity, PSP will be entitled to 1.5%
    of royalty(PSP and Hwang will split royalty 50%/50% respectively ) of gross
    sales of patented products from the "H-Pin Project" from this entity. If socket is
    sold with H-pin contact included, this rate is also 3/2% of socket price.

1

Remuneration will be made twice annually within 45 days of the close of the books on June 30th and December 31st with calculated results with back data.

5. **Licensing the "H-Pin Project" patent rights**:  Neither PSP or Hwang can grant a license for the patents covering the "H-Pin Project" without approval from the other party.

6. **Continuation**:  This agreement will continue in force to Hwang's estate or designated party upon death or transfer.

This agreement is the concept for the life of the patent and can only be amended based on agreement by both parties.

Signed:

_____
D.W. Hwang

Date: **9/24/2005**

_____
Plastronics Socket Partners
David Pfaff
Date:_____ **9/24/05**

2

Wikipedia.org                          # 3)

PBA (doing business as)

Dan & David Are working through
the "company issues" &
David will make sure the
Federal USA court does NOT
proceed depending on A certain
Amount of time to allow
Dan H.2 Plastronics to come
to a mutual beneficial
Arrangement.

Mar. 11. 2009